# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. D. STEINMETZ,<br>Plaintiff,<br>vs.<br>GENERAL ELECTRIC COMPANY, GENERAL ELECTRIC CAPITAL CORPORATION, EXXONMOBIL OIL CORPORATION, CITIGROUP, INC.,<br>Defendants. | CASE NO. 08CV1635 JM (AJB)<br><br>**ORDER GRANTING DEFENDANT CITIBANK (North Dakota), N.A.'s MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Doc. No. 26 |

On August 1, 2008, Plaintiff S. David Steinmetz ("Plaintiff"), appearing *pro se*, brought a claim in the Superior Court of California, County of San Diego, Small Claims Division. Defendants General Electric Company (erroneously sued) and General Electric Capital Corporation (collectively, "General Electric") removed the case to federal court on September 5, 2008. (Doc. No. 1.) Defendants General Electric and ExxonMobil Corporation ("ExxonMobil") filed a motion to dismiss the complaint, which was vacated as moot following the court's order granting Plaintiff leave to file a First Amended Complaint ("FAC"). (Doc. No. 16.) Pending before the court is a motion to dismiss the FAC now brought solely by Defendant Citibank (South Dakota), N.A., erroneously sued as Citigroup, Inc. ("Citibank"). ("Mot.," Doc. No. 26.) The matter was taken under submission by the court pursuant to Civ.L.R. 7.1(d) on February 6, 2009. Based on the court's review of the parties' submissions and the applicable authorities, the court hereby **GRANTS** Citibank's motion to dismiss.

//

## I. Background

An "Exxonmobil Credit Card account" (the "Account") credit card was issued to Plaintiff by GE Money Bank in January 2006. (FAC at ¶¶ 13-14.) Plaintiff petitioned for bankruptcy in April 2006 but neither included the Account in the proceedings nor informed GE Money Bank about them. (FAC at ¶ 22.) Nonetheless, on or about October 10, 2006, after the bankruptcy discharge, Plaintiff allegedly was informed by a "customer service representative" the Account was closed due to bankruptcy. (FAC at ¶ 31.) Plaintiff subsequently learned the Account status was reported by GE Money Bank and the major credit reporting agencies ("CRAs") (i.e. TransUnion, Equifax and Experian) as having been included in the bankruptcy. Thereafter, Plaintiff disputed the allegedly inaccurate reporting on various occasions through GE Money Bank and the CRAs. (FAC at ¶¶ 40-48, 51-191.) With respect to Defendant Citibank, Plaintiff alleges only that "[a]bout January 2008, defendant Exxonmobil Oil Corporation changed its bank partner in Exxonmobil Credit Card. Presumably, former partner GE Money Bank disclosed customer information to new partner Citibank (South Dakota), N.A., and possibly vice versa." (FAC at ¶ 44.)

Plaintiff's allegations stem from this purportedly false credit reporting and Plaintiff's attempts to dispute and correct the reports. In his FAC, Plaintiff recites a total of <u>737 counts</u> against all defendants, asserting violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq.* ("CCRAA"), and the California Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("Rosenthal Act"), and claims for defamation "by language libelous on its face." (FAC at 32-33.)

//

## II. Discussion

### A. Legal Standards

Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. <u>U.S. v. Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981). In evaluating a 12(b)(6) motion, the court must accept the complaint's allegations as true and construe them in the light most favorable to Plaintiff. <u>See, e.g.</u>, <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S.Ct. 1710 (1996). The complaint's

"factual allegations must be enough to raise a right to relief above the speculative level...." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (allegations must provide "plausible grounds to infer" that plaintiff is entitled to relief). The court should grant 12(b)(6) relief only where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint, including exhibits attached thereto, or material subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The court may not consider facts alleged only in a brief opposing the motion to dismiss as a complaint may not be amended in this way. Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989).

Where a plaintiff sues multiple defendants and sets forth multiple causes of action, he "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." Gauvin v. Trombatore, 682 F.Supp. 1067, 1071 (N.D.Cal. 1988). Even absent other pleading deficiencies, such "confusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint." Gen-Probe, Inc. v. Amoco Corp., 926 F.Supp. 948, 961 (S.D.Cal. 1996)(citing Gauvin, 682 F.Supp. at 1071.) "Specific identification of the parties to the activities alleged is required...to enable the defendant[s] to plead intelligently." Van Dyke Ford, Inc. v. Ford Motor Co., 399 F.Supp. 277, 284 (E.D.Wis. 1975).

//

**B. Analysis**

*1. Failure of the Pleadings to Allege Facts Sufficient to Survive a Rule 12(b)(6) Motion to Dismiss*

As a first consideration, the facts alleged in the FAC relate exclusively to Plaintiff's dealings with GE Money Bank and the CRAs, none of whom are named as defendants in this case. Furthermore, all conduct by GE Money Bank and the CRAs occurred prior to the time Citibank became the bank partner for the Account. Plaintiff asserts no conduct by Citibank other than it acquired GE Money Bank's credit business in January 2008 and purportedly received information

about the Account from GE Money Bank. This conduct is not actionable and provides no factual support for Plaintiff's claims against Citibank.

In his Opposition, Plaintiff contends his factual allegations were sufficient to support "[a] reasonable inference...that a bank that manages a brand of credit cards also furnishes information to consumer reporting agencies about that brand's accounts." ("Opp.," Doc. No. 29-2 at ¶ 5.) Plaintiff further "infers that Citibank...furnished information about Steinmetz's former Exxonmobil Credit Card account beginning about January 2008." (Id.) Plaintiff adds, "Citibank furnished to consumer reporting agencies false information that Steinmetz's former Exxonmobil Credit Card account was 'included in bankruptcy' 'Chapter 7 bankruptcy' and presumably indebted." (Opp. at ¶ 10.) As noted above, Plaintiff cannot cure deficiencies in his pleadings through briefs submitted in opposition to a motion to dismiss. Even so, such a contention is plainly contradicted by Plaintiff's failure to allege *any* information was provided, by Citibank or anyone else, to the CRAs after January 2008. Nor does Plaintiff allege Citibank, as a successor, acquired any vicarious liability for alleged conduct by GE Money Bank or Exxonmobil that might have occurred prior to January 2008.

Despite the voluminous nature of Plaintiff's pleadings, he does not specify which claims are brought against which defendants for what alleged conduct but rather alleges all counts indiscriminately against all defendants. This "shotgun" approach does not meet the Rule 8 pleading standard as Citibank has not been given fair notice of the grounds upon which the claims against it rest sufficient to allow Citibank to respond effectively. While these reasons alone warrant dismissal of the FAC, Citibank also argues against the merits of Plaintiff's claims. These arguments are addressed in the following sections.

*2. Federal Debt Collection Practices Act Claims*

Plaintiff brings claims against Citibank under the FDCPA without specifying what conduct by Citibank might form the basis of the claims. Further, claims under the FDCPA may only be brought against a party who qualifies as a "debt collector" under the statute. The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*."

15 U.S.C. § 1692a(6) (emphasis added). In fact, Plaintiff even alleges "a substantial portion and principal activity of the defendants' consumer credit card business is collection of debts *on behalf of themselves*." (FAC at ¶ 30 (emphasis added).) Accepting Plaintiff's assertion as true, Citibank's principal business is to collect on its *own* debts, and therefore cannot *by law* satisfy this statutory definition.

In his Opposition, Plaintiff notes that whether a particular business might qualify as a debt collector is a fact-dependent inquiry, but provides no facts to show Citibank's *principal purpose* is to collect on third-party debt. (Opp. at ¶¶ 7-11.) First, Plaintiff offers the nonsensical argument that Citibank's inaccurate reporting created the false impression that Plaintiff had other unpaid creditors and constituted an "indirect act of debt collection upon those other [nonexistent] debts." (Opp. at ¶ 10.) Even if this suggestion were true, it does not show Citibank's principal business to be debt collection. Second, Plaintiff argues Citibank was collecting debts owed to Exxonmobil, with whom Plaintiff had no credit agreement whatsoever. (Opp. at ¶ 9.) Third, Plaintiff tries to circumvent the "debt collector" threshold standard by arguing Citibank is liable simply by allegedly engaging in conduct proscribed by the FDCPA. See, e.g., 15 U.S.C. § 1692e(8); Opp. at ¶¶ 9, 11. This argument is unavailing; to violate the FDCPA, one must first meet the "debt collector" standard.

Citibank is more appropriately considered a "creditor" under the FDCPA, defined as "any person who offers or extends credit creating a debt or to whom a debt is owed...." 15 U.S.C. § 1692a(4). Activities of "creditors" are not regulated by the FDCPA in any way and claims brought against them are properly dismissed for failure to state a claim. See Schmitt v.FMA Alliance, 398 F.3d 995, 998 (8th Cir. 2005); Lewis v. ACB Business Services, Inc., 135 F.3d 389, 411 (6th Cir. 1998) (creditor primarily in business of extending credit was not "debt collector" for purposes of the FDCPA, despite its use of interstate commerce and the mails to collect debts).

In sum, with the pleadings construed in the light most favorable to Plaintiff, Citibank is not a "debt collector" under the FDCPA and cannot be liable for any claims thereunder. Citibank's motion to dismiss on the FDCPA claims is **GRANTED** and the claims are **DISMISSED** with

prejudice.[1]

//

*3. Federal Credit Reporting Act Claims*

Plaintiff's claims under the FCRA are brought under 15 U.S.C. § 1681s-2(b)(1)(A)-(E).[2] (FAC at 32.) These provisions require a furnisher of credit information, such as a credit card issuer, to promptly investigate disputed information and take corrective action, where necessary, only upon notice of a dispute from a CRA. 15 U.S.C. §§ 1681s-2(b)(1) and 1681i(a)(2). A furnisher's duties "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)." Gorman v. Wolpoff & Abramson, LLP, 552 F.3d 1008, 1014 (9th Cir. 2009). Civil liability attaches for willful or negligent noncompliance with the statutes. See 15 U.S.C. §§ 1681n and 1681o.[3]

Once again, the FAC is completely void of any relevant facts tending to show Citibank violated these provisions. Plaintiff fails to allege Citibank actually furnished any credit information to the CRAs or that Citibank was notified by the CRAs about any dispute. Once again attempting to amend his pleadings through his opposition brief, Plaintiff suggests Citibank was under some abstract duty to "correct the illegal furnishing of false, libelous information" in his credit report because Citibank "was aware of the falsehood...many months before Citigroup [sic] transitioned to hands-on control." (Opp. at ¶ 12.) As stated above, even if this allegation had been properly pled, and even if it were true, such facts create no FCRA responsibilities for Citibank. As the pleadings stand presently, Plaintiff has failed to state a claim under the FCRA.

However, in his Opposition, Plaintiff for the first time implies Citibank may have actually furnished or updated his credit information in December 2007 or January 2008. (Opp. at ¶ 12.)

---

[1]Even if Plaintiff had alleged that Citibank's liability is based on its assumption of GE Money Bank's credit business, the bulk of Plaintiff's claims would be barred by the FDCPA's one year statute of limitations. See 15 U.S.C. § 1692k(d).

[2]Citibank argues there is no private right of action for violations under 15 U.S.C. § 1681s-2(a). (Mot. at 8.) Plaintiff has not raised any claims under this provision so the court declines to address this issue.

[3]Citibank argues Plaintiff cannot state a claim under the FCRA because he cannot establish "willful" behavior by Citibank. As discussed, a showing of willfulness is not required.

Because such allegations could plausibly form part of a claim for relief if properly pled, the court finds leave to amend appropriate. Thus, Citibank's motion to dismiss on the FCRA claims is **GRANTED;** the FCRA claims against Citibank are **DISMISSED** without prejudice and with leave to amend.

//

*4. California Consumer Credit Reporting Act Claims*

Plaintiff brings claims against all defendants for violation of Cal. Civ. Code § 1785.25(a), which provides, "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." In its motion, Citibank argues such claims are preempted by the FCRA, a position since overruled by the Ninth Circuit. Gorman, 552 F.3d at 1032 ("we hold that the private right of action to enforce Cal. Civ. Code section 1785.25(a) is not preempted by the FCRA.").

Nevertheless, Plaintiff fails to state a claim against Citibank under this state law provision because he alleges no facts showing Citibank actually furnished any information to the CRAs. As stated above, the inferences put forth by Plaintiff in his opposition are insufficient to allow the claim to stand at this time. Thus, Citibank's motion to dismiss as to the CCRAA claims is **GRANTED**. For the same reasons stated in section II,B,4, however, the claims are **DISMISSED** without prejudice and with leave to amend.

*5. Rosenthal Act Claims*

Plaintiff asserts claims against all defendants for violation of the Rosenthal Act based on the alleged inaccurate credit reporting. The Rosenthal Act defines "debt collector" more broadly than the federal FDCPA, and includes those who collect debts on behalf of themselves or others. Cal. Civ. Code § 1788.2(c). Regardless of whether Citibank qualifies as a "debt collector" for state law purposes, the court finds these claims are preempted by the FCRA. Under the FCRA, "[n]o requirement or prohibition may be imposed under the laws of any State...with respect to any subject matter regulated under...section 1628s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F)(ii). Section 1681s-2 in turn requires furnishers of information to provide accurate information and to investigate disputes on proper notice. "[I]t is clear that the FCRA regulates the subject matter which forms the basis" of

Plaintiff's Rosenthal Act claims. See Nelson v. Equifax Info. Serv., 522 F.Supp.2d 1222, 1233 (C.D.Cal. 2007); Roybal v. Equifax, 405 F.Supp.2d 1177, 1181-82 (E.D.Cal. 2005). The Rosenthal Act claims are barred by federal preemption.

Further, even if the claims were not barred, Plaintiff alleges no specific conduct by Citibank which would violate the Rosenthal Act. Certainly, there is nothing in the pleadings to suggest Citibank has employed "physical force or violence or any criminal means to cause harm to the person, or the reputation, or the property of any person" as required under Cal. Civ. Code § 1788.10(a). Nor has Plaintiff alleged Citibank "communicat[ed], or threat[ened] to communicate to any person the fact that a debtor has engaged in conduct, other than the failure to pay a consumer debt, which the debt collector knows or has reason to believe will defame the debtor[.]" Cal. Civ. Code § 1788.10(c). As noted repeatedly above, Plaintiff's "inference" of Citibank's involvement does not pass muster under Rule 8(a)(2).

Citibank's motion to dismiss as to the Rosenthal Act claims is **GRANTED** and the claims are **DISMISSED** with prejudice.

*6. State Law Defamation Claims*

Against all defendants, Plaintiff asserts claims for "defamation by language libelous on its face." (FAC at 32.) FCRA section 16h(e) states, "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation...except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 16h(e). Thus, unless a plaintiff alleges malice or willful intent to injure, a state law defamation claim is expressly preempted by the FCRA.[4] While Plaintiff does allege that GE Money Bank acted "knowingly" and "with malice," he makes no mention at all of any defamatory conduct by Citibank, much less with the required mental state to avoid preemption. (FAC at 18-21.) Plaintiff again attempts to rescue the claim by adding information in opposition (see Opp. at ¶ 63), but even there, Plaintiff still fails to specify what allegedly defamatory statements in his credit reports were made willfully or maliciously by Citibank.

---

[4]Whether defamation claims are preempted even with allegations of malice or willful intent to injure is an issue subject to debate among district courts and has yet to be resolved by the Ninth Circuit. See Gorman, 552 F.3d at 1025-1027.

As the facts presented are insufficient to support a cognizable legal theory, Citibank's motion to dismiss as to Plaintiff's state law defamation claims is **GRANTED** and the claims **DISMISSED** without prejudice and with leave to amend.

//

**III. Conclusion**

For the reasons set forth above, Citibank's motion to dismiss is **GRANTED**. Plaintiff's claims based on the FDCPA and the Rosenthal Act are **DISMISSED** with prejudice, and his claims based on the FCRA, CCRAA, and defamation are **DISMISSED** without prejudice and with leave to amend. Plaintiff shall file and serve a Second Amended Complaint no later than 45 days from the date of entry of this order. Plaintiff must address the pleading deficiencies outlined above and may not add new claims.

**IT IS SO ORDERED.**

DATED: February 25, 2009

Hon. Jeffrey T. Miller
United States District Judge