# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.D. STEINMETZ,<br><br>　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>GENERAL ELECTRIC COMPANY, GENERAL ELECTRIC CAPITAL CORPORATION, EXXONMOBIL OIL CORPORATION, CITIGROUP, INC.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 08 CV 1635 JM (AJB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>Doc. No. 64, 67 |

Pending before the court are two motions to dismiss Plaintiff's third amended complaint. (Doc. Nos. 64, 67). Defendants GE Money Bank, FSB ("GE"), erroneously sued as "General Electric Company" and "General Electric Capital Corporation," and Exxon Mobil Oil Corporation ("Exxon") filed their motion to dismiss on August 25, 2009. (Doc. No. 64). Defendant Citibank (South Dakota), N.A. ("Citibank"), erroneously sued as "Citigroup, Inc.," filed its motion three days later. (Doc. No. 67). The court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d). Based on its review of both parties' submissions and applicable authorities, the court hereby GRANTS IN PART and DENIES IN PART Defendants' motions to dismiss.

**I.    BACKGROUND**

According to the allegations set forth in the third amended complaint, an "Exxonmobil Credit Card account" (the "Account") credit card was issued to Plaintiff by GE in January 2006. (Doc. No.

63, Third Amended Complaint, hereinafter "TAC," ¶¶ 11-12). Plaintiff petitioned for bankruptcy in April 2006 but neither included the Account in the proceedings nor informed GE about the bankruptcy. (TAC ¶ 20). On or about October 10, 2006, after the bankruptcy had been discharged, Plaintiff allegedly was informed by a "customer service representative" the Account had been closed because Plaintiff had filed for bankruptcy. (TAC ¶¶ 27, 29). Plaintiff subsequently learned that, sometime prior to March 2007, the Account status was reported by major credit reporting agencies ("CRAs") (i.e. TransUnion and Equifax) as having been included in Plaintiff's Chapter 7 bankruptcy. (TAC ¶ 36). In reviewing his credit reports between March 30, 2007 and late 2007, Plaintiff noticed additional minor changes to the reporting of the Account. (TAC ¶¶ 38, 40). Between November 2007 and January 2008, Plaintiff disputed the allegedly inaccurate reporting on various occasions through the CRAs. (TAC ¶¶ 39-42). Responses from Trans Union and Equifax indicated their investigations warranted no changes to the reporting status of Plaintiff's ExxonMobil account. (TAC ¶¶ 43-44).

Regarding Exxon, Plaintiff alleges that it issued the credit card and later changed its "bank partner and proxy credit issuer" from GE to Citibank. (TAC ¶¶ 12-13, 35). Plaintiff also alleges that Exxon failed to respond to a "letter of warning" he sent in January 2008. (TAC ¶ 45). Finally, Plaintiff references a letter he received from TransUnion on October 2, 2008, which states that TransUnion "contacted Exmobil in January 2008" and "Exmobil verified the account as it has been continually reported since last verification date." (TAC ¶ 48).

Concerning GE, Plaintiff alleges that GE, along with Exxon, issued the credit card and routinely billed Plaintiff. (TAC ¶¶ 12-13, 26). On November 21, 2006, GE "made a full inquiry of Equifax consumer files about [Plaintiff]." (TAC ¶ 33). "Before December 28, 2006, [GE] owned said account and furnished information to CRAs about said account." (TAC ¶ 55). Finally, GE "made the conscious decision to change the furnished information from an essentially accurate profile to a definite falsehood." (TAC ¶ 69).

With respect to Citibank, Plaintiff alleges that on December 26, 2008, "defendant Exxonmobil Oil Corporation changed its bank partner and proxy credit issuer in Exxonmobil Credit Card. GE Money Bank was replaced with Citibank (South Dakota) N.A. Presumably, GE Money Bank disclosed customer information to Citibank (South Dakota), N.A." (TAC ¶ 35). Furthermore, after

obtaining the Account in December 2008, Citibank "furnished information to CRAs about said account." (TAC ¶ 56). And finally, Citibank decided to "maintain false reporting." (TAC ¶ 69).

Finally, Plaintiff makes two contentions against unspecified actors. First, Plaintiff alleges that the "then-current owner of said account was aware of the impossibility that said account could have been of status 'included in bankruptcy.'" (TAC ¶ 58). Second, Plaintiff contends that the "then-current furnishers of information to CRAs knowingly furnished false information that said account was 'included in bankruptcy.'" (TAC ¶ 59).

In his third amended complaint, Plaintiff recites a total of 737 counts against Defendants. Plaintiff asserts violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785 et seq., against all Defendants. (TAC at 14-16). Plaintiff also asserts claims for defamation "by language libelous on its face" against Defendants Citibank and Exxon. (TAC at 14-16).

## II. LEGAL STANDARDS

Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). In evaluating a Rule 12(b)(6) motion, the court must accept the complaint's allegations as true and construe them in the light most favorable to Plaintiff. *See, e.g.*, *Concha v. London*, 62 F.3d 1493, 1500 (9th Cir. 1995). However, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (allegations must provide "plausible grounds to infer" that plaintiff is entitled to relief). The court should grant Rule 12(b)(6) relief where the complaint lacks either a "cognizable legal theory" or facts sufficient to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In testing the complaint's legal adequacy, the court may consider material properly submitted as part of the complaint, including exhibits attached thereto, or material subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Where a plaintiff sues multiple defendants and sets forth multiple causes of action, he "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D.Cal. 1988). Even

1 absent other pleading deficiencies, such "confusion of which claims apply to which defendants would
2 require that the complaint be dismissed with leave to file an amended complaint." *Gen-Probe, Inc.*
3 *v. Amoco Corp.*, 926 F.Supp. 948, 961 (S.D.Cal. 1996)(*citing Gauvin*, 682 F.Supp. at 1071.) "Specific
4 identification of the parties to the activities alleged is required...to enable the defendant[s] to plead
5 intelligently." *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (E.D.Wis. 1975).

6       At the same time, the court has a duty to liberally construe a pro se litigant's pleadings. *Estelle*
7 *v. Gamble*, 429 U.S. 97, 106 (1976). A "pro se complaint, however inartfully pleaded, must be held
8 to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.
9 89, 127 (2007) (per curiam) (citation omitted); *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008).
10 "[The] court, however, will not supply additional factual allegations to round out a plaintiff's
11 complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d
12 1170,1173-74 (10th Cir.1997) (quotations and citations omitted).

13 **III. DISCUSSION**

14       **A. SUFFICIENCY OF THE PLEADINGS UNDER RULE 8**

15       Plaintiff's third amended complaint is not a model of effective and efficient pleading.
16 Nonetheless, Plaintiff has refined his prior complaints and now provides enough specific factual
17 allegations regarding each defendant to meet the "less stringent standards" required of a pro se
18 complaint. *See Erickson*, 551 U.S. at 127.

19       **B. FEDERAL CREDIT REPORTING ACT CLAIMS**

20       Plaintiff's claims under the FCRA are brought under 15 U.S.C. § 1681s-2(b)(1)(A)-(E). (TAC
21 at 14-15). These provisions require a furnisher of credit information, such as a credit card issuer, to
22 promptly investigate disputed information and take corrective action, where necessary, only upon
23 notice of a dispute from a CRA. 15 U.S.C. §§ 1681s-2(b)(1) and 1681i(a)(2). A furnisher's duties
24 "arise only after the furnisher receives notice of dispute from a CRA; notice of a dispute received
25 directly from the consumer does not trigger furnishers' duties under subsection (b)." *Gorman v.*
26 *Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1014 (9th Cir. 2009). Civil liability attaches for willful
27 or negligent noncompliance with the statutes. *See* 15 U.S.C. §§ 1681n, 1681o. To state a claim under
28 the FCRA against Defendants as a furnisher of credit information, Plaintiff must allege: 1) that he

contacted the CRAs; 2) the CRAs pursued the claim; and 3) the CRAs contacted Defendants regarding the dispute, triggering Citibank's duty to investigate. *See Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005).

Regarding Defendants GE and Citibank, Plaintiff has not fixed the deficiencies in his second amended complaint. Although Plaintiff—as he did in his second amended complaint—alleges facts showing that he contacted the CRAs and the CRAs pursued the claim, Plaintiff still does not allege that the CRAs actually gave notice of his dispute to either GE or Citibank directly. Therefore his FCRA claim against GE and Citibank must fail.

However, Plaintiff has stated a claim against Exxon. The October 2, 2008 letter from TransUnion to Plaintiff indicates that (1) Plaintiff contacted TransUnion (a CRA) about the dispute, (2) TransUnion investigated Plaintiff's claim, and (3) TransUnion notified Exxon about the dispute. (TAC ¶ 48). These steps—assuming they occurred for purposes of this motion to dismiss—triggered Exxon's duty to investigate and take corrective action. *See Roybal*, 405 F. Supp. 2d at 1180; 15 U.S.C. §§ 1681s-2(b)(1) and 1681i(a)(2). Plaintiff further alleges that no corrective action was taken, despite the incorrect information on his credit report. Therefore, Plaintiff has alleged facts sufficient to state a claim under the FRCA against Exxon.

### C.   CALIFORNIA CONSUMER CREDIT REPORTING ACT CLAIMS

Plaintiff brings claims against all defendants for violation of California Civil Code section 1785.25(a), which provides, "A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." A consumer's private right to enforce the CCRAA arises under section 1785.31: "Any consumer who suffers damages as a result of a violation of this title by any person may bring an action...against that person to recover" damages.[1] The Ninth Circuit has

---

[1] California Civil Code section 1785.25(g) provides, "A person who furnishes information to a consumer credit reporting agency is liable for failure to comply with this section, unless the furnisher establishes by a preponderance of the evidence that, at the time of the failure to comply with this section, the furnisher maintained reasonable procedures to comply with those provisions." While this section has been incorrectly construed as offering a separate authorization for a private cause of action against a furnisher, *see, e.g., Lin v. Universal Card Servs. Corp.*, 238 F. Supp. 2d 1147, 1152 (N.D. Cal. 2002), California courts have ruled it provides only "a partial *defense* to furnishers of credit information." *Sanai v. Saltz*, 170 Cal. App. 4th 673, 771, n18 (2009) (emphasis added).

confirmed such claims survive the preemption provisions of the FCRA. *Gorman*, 552 F.3d at 1032.

In his second amended complaint, Plaintiff failed to state a claim under CCRAA because there were no factual allegations that Citibank provided any information to the CRAs. Plaintiff's third amended complaint does not solve this problem. Plaintiff makes only conclusory statements about Citibank ("furnished information to CRAs about said account" and "maintain[ed] false reporting") and GE ("made the conscious decision to change the furnished information from an essentially accurate profile to a definite falsehood") that do not meet his burden to produce factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 556.

Plaintiff does, however, state a claim under CCRAA against Exxon. Plaintiff's reference to the October 2, 2008 TransUnion letter is a specific factual allegation that raises Plaintiff's right to relief "above the speculative level." *Id.* Assuming this, along with the remainder of Plaintiff's allegations, to be true, Exxon could be liable under the CCRAA.

### D. STATE LAW DEFAMATION CLAIMS

Under California law, "[l]ibel is a false and unprivileged publication...which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Cal. Civ. Code § 45. Thus, to survive a motion to dismiss on a defamation claim, a plaintiff must allege: 1) a defendant; 2) intentionally published a statement of fact; 3) that is false; 4) unprivileged; and 5) has a natural tendency to injure (libel *per se*) or causes special damages. *Smith v. Maldonado*, 72 Cal. App.4th 637, 645-46 (1999).

In actions dealing with credit reporting activities, at least some state law defamation claims are preempted. Under the FCRA, "Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation...except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Thus, unless a plaintiff alleges a defendant acted with "malice or willful intent to injure," a state law defamation claim based on credit reporting activities is expressly preempted by the FCRA.[2] *Gorman*,

---

[2] Whether defamation claims are preempted even with allegations of malice or willful intent to injure is an issue subject to debate among district courts and has yet to be resolved by the Ninth Circuit. See *Gorman*, 552 F.3d at 1025-1027. For the purposes of ruling on this motion, the court assumes without deciding that a defamation claim premised on malice or willful intent is not preempted by the FCRA.

1  370 F.Supp.2d at 1010 ("Subsection 1681h(e) preempts only defamation actions that do not allege
2  malice or willful intent to injure."). The FCRA, then, grafts the sixth element of malice onto the state
3  law requirements.
4       In ruling on the sufficiency of this state law claim, the court applies federal law pleading
5  standards, although the standard for dismissal in state court "is highly relevant." *Church of Scientology*
6  *of Calif. v. Flynn*, 744 F.2d 694, 696 n.2 (9th Cir.1984). To satisfy the pleading requirements for an
7  actionable defamation claim, a plaintiff must offer more than conclusory, non-descriptive phrases but
8  rather "must allege facts sufficient to support a claim that the defendant was acting with reckless
9  disregard for the truth. *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 114 (2007). In addition,
10 while a plaintiff need not plead the allegedly defamatory statement verbatim, the specifics and the
11 substance of the allegedly defamatory statement must be identified. *See Okun v. Superior Court*, 29
12 Cal.3d 442, 458 (1981) (citations omitted); *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.
13 Supp. 1303, 1314 (N.D. Cal. 1997). Less particularity is required when it appears that defendant has
14 superior knowledge of the facts, as long as the pleading gives notice of the issues sufficient to enable
15 preparation of a defense. *Bradley v. Hartford Acc. & Indem. Co.,* 30 Cal. App.3d 818, 825 (1973).
16      Plaintiff has not fixed the deficiencies of his second amended complaint, in which he failed
17 to allege facts regarding each element of defamation. In particular, Plaintiff's allegations do not
18 include any defamatory language. Whether a statement is reasonably susceptible to a defamatory
19 interpretation is a question of law for the court. *MacLeod v. Tribune Publ'g Co.*, 52 Cal. 2d 536, 546
20 (1959). Contrary to Plaintiff's assertion, the "mere allegation of not paying debts is not defamatory
21 *per se*." *Woods v. Protection One Alarm Monitoring, Inc.*, 2007 WL 2391075, at *13 (E.D. Cal. Aug.
22 22, 2007) (citing *Gautier v. Gen. Tel. Co.*, 234 Cal. App. 2d 302, 309 (1965)). Such statements may
23 be defamatory where they lead one to conclude that a plaintiff's failure to pay his obligation stemmed
24 from dishonest motives or an intent to defraud a creditor, where a plaintiff's business interests are
25 affected by his reputation for credit worthiness. *Id.* (citing *Gautier*, 234 Cal. App. 2d at 309-310);
26 *Ingraham v. Lyon*, 105 Cal. 254, 257 (1894). However, the statements "included in bankruptcy" and
27 "Chapter 7 bankruptcy" do not lend themselves to such negative interpretations and therefore do not
28 qualify as libel per se. In this situation, Plaintiff was required to plead special damages, which he

failed to do.

Finally, Plaintiff has also fallen short of pleading Citibank or Exxon acted with the requisite malice. While Plaintiff offers that Defendants acted "knowingly" and "with malice," these general and conclusory statements do not support a claim that Citibank or Exxon acted with "a state of mind arising from hatred or ill will toward the plaintiff" or with a reckless disregard for Plaintiff's rights. *Woods*, 2007 WL 2391075, at *14 (citing *Roemer v. Retail Credit Co.*, 44 Cal. App. 3d 926, 936 (1975)).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint against both GE and Citibank fails to state a claim upon which relief can be grant. Plaintiff has had numerous opportunities to make his claims against these parties, and still fails to do so. Therefore, GE's motion to dismiss is hereby GRANTED WITHOUT LEAVE TO AMEND on all claims. Likewise, Citibank's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND on all claims.

In regards to Exxon, Plaintiff has failed once again to state a defamation claim upon which relief can be grant. Therefore, Exxon's motion to dismiss the defamation claim is hereby GRANTED WITHOUT LEAVE TO AMEND. However, Plaintiff has stated a claim against Exxon under both the FCRA and CCRAA. Therefore, Exxon's motion to dismiss these claims is DENIED.

**IT IS SO ORDERED.**

DATED: October 22, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge