# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.D. STEINMETZ,<br><br>            Plaintiff,<br>    vs.<br><br>GENERAL ELECTRIC COMPANY; GENERAL ELECTRIC CAPITAL CORPORATION; EXXONMOBIL OIL CORPORATION; CITIGROUP, INC.,<br><br>            Defendants. | CASE NO. 08 CV 1635 JM (AJB)<br><br>**ORDER GRANTING SUMMARY JUDGMENT**<br><br>Doc. No. 79 |

Plaintiff S.D. Steinmetz ("Plaintiff") filed this lawsuit in California small claims court, alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s, the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §1785.25(a), and state defamation law. (*See* Doc. No. 1). Defendants removed the lawsuit to this court. (Doc. No. 1). After Plaintiff filed a third amended complaint (Doc. No. 63), the court dismissed all claims against GE Money Bank, FSB ("GEMB"), erroneously sued as "General Electric Company" and "General Electric Capital Corporation," and Defendant Citibank (South Dakota), N.A. ("Citibank"), erroneously sued as "Citigroup, Inc." (Doc. No. 74). In the same order, the court dismissed Plaintiff's defamation claim against Defendant ExxonMobil Corporation ("ExxonMobil"), erroneously sued as "ExxonMobil Oil Corporation." (Doc. No. 74). Plaintiff's FCRA and CCRAA claims against ExxonMobil

survived the motion to dismiss. (Doc. No. 74).

ExxonMobil, supported by a declaration, now moves for summary judgment on the FCRA and CCRAA claims. (Doc. No. 79). Plaintiff filed an opposition, but has not filed any supporting evidence. (Doc. No. 83). ExxonMobil filed a reply. (Doc. No. 84).

The court finds this matter appropriate for disposition without oral argument. *See* CivLR 7.1(d)(1). For the following reasons, the court hereby GRANTS ExxonMobil's motion for summary judgment.

**I.    BACKGROUND**

According to the allegations set forth in the third amended complaint, an "ExxonMobil Credit Card account" (the "Account") credit card was issued to Plaintiff by GEMB in January 2006. (Doc. No. 63, Third Amended Complaint, hereinafter "TAC," ¶¶ 11-12). Plaintiff petitioned for bankruptcy in April 2006 but neither included the Account in the proceedings nor informed GEMB about the bankruptcy. (TAC ¶ 20). On or about October 10, 2006, after the bankruptcy had been discharged, Plaintiff allegedly was informed by a "customer service representative" the Account had been closed because Plaintiff had filed for bankruptcy. (TAC ¶¶ 27, 29). Plaintiff subsequently learned that, sometime prior to March 2007, the Account status was reported by major credit reporting agencies ("CRAs") (i.e. TransUnion and Equifax) as having been included in Plaintiff's Chapter 7 bankruptcy. (TAC ¶ 36). In reviewing his credit reports between March 30, 2007 and late 2007, Plaintiff noticed additional minor changes to the reporting of the Account. (TAC ¶¶ 38, 40). Between November 2007 and January 2008, Plaintiff disputed the allegedly inaccurate reporting on various occasions through the CRAs. (TAC ¶¶ 39-42). Responses from TransUnion and Equifax indicated their investigations warranted no changes to the reporting status of Plaintiff's ExxonMobil account. (TAC ¶¶ 43-44).

Despite Plaintiff's allegations, ExxonMobil played a minor role regarding the Account. ExxonMobil did not issue, service, or own the Account. (Doc. No. 81, Declaration of Robert Haase, hereinafter "Decl.," ¶ 4). ExxonMobil merely partnered with GEMB, and later CitiBank, who issued Plaintiff's credit card and serviced the Account. (Decl. ¶¶ 3-4, 7). Most

1  importantly to the claims in this case, ExxonMobil does not—and did not here—furnish
2  information about ExxonMobil credit card account holders to the CRAs. (Decl. ¶ 8).

3  **II.    LEGAL STANDARD**

4  Summary judgment is appropriate when "there is no genuine issue of material fact and
5  . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court
6  must examine the evidence in the light most favorable to the nonmoving party. *United States*
7  *v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If the moving party, however, "meets its initial
8  burden of identifying for the court the portions of the materials on file that it believes
9  demonstrate the absence of any genuine issue of material fact, the nonmoving party may not
10 rely on the mere allegations in the pleadings in order to preclude summary judgment." *Nilsson,*
11 *Robbins, Dalgarn, Berlines, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1542 (9th Cir.
12 1988) (citing *T.W. Elec. Servs. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir.
13 1987)).

14 "If a party opposing [a motion for summary judgment] shows by affidavit that, for
15 specified reasons, it cannot present facts essential to justify its opposition, the court may . . .
16 order a continuance to enable affidavits to be obtained, depositions to be taken, or other
17 discovery to be undertaken." Fed. R. Civ. P. 56(f). To receive relief under Rule 56(f),
18 Plaintiffs "must show (1) that they have set forth in affidavit form the specific facts that they
19 hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-
20 after facts are 'essential' to resist the summary judgment motion." *State of Cal. ex rel. Cal.*
21 *Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

22 **III.   DISCUSSION**

23     **A.    Plaintiff's Rule 56(f) Motion**

24 In his opposition, Plaintiff argues that he "had no opportunity whatsoever to gather
25 admissible evidence that could prove his points." (Doc. No. 83). As Plaintiff is proceeding
26 *pro se*, the court liberally construes Plaintiff's argument as a motion under Federal Rule of
27 Civil Procedure 56(f) for discovery.

28 Plaintiff's statement in his opposition, however, does not meet the standard for

1  obtaining relief under Rule 56(f).  First, Plaintiff has not filed an affidavit as required by Rule
2  56(f).  *See* Fed. R. Civ. P. 56(f).  Second, even if Plaintiff had filed an affidavit, Plaintiff's
3  conclusory statements do not identify any "specific facts" that discovery would elicit.  Fed. R.
4  Civ. P. 56(f).  Merely asking for "pertinent records of the CRAs, of the banking agents GE
5  Money Bank, F.S.B., and Citibank (South Dakota), N.A., and of Exxon," (Doc. No. 83),
6  merely indicates where Plaintiff would look for the "specific facts" he needs.  Third,
7  ExxonMobil provides persuasive evidence that any facts that Plaintiff would seek—that
8  ExxonMobil reported false information to the CRAs—simply does not exist.  ExxonMobil
9  does not furnish information to CRAs, therefore there is no reason to believe that ExxonMobil
10 furnished any false information to a CRA.  *Cf. Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir.
11 1991) ("Denial of a Rule 56(f) application is proper where it is clear that the evidence sought
12 is almost certainly nonexistent or is the object of pure speculation.").

13 　　　　As Plaintiff has failed to carry his burden for relief under Rule 56(f), the court denies
14 his request for further discovery and will rule on ExxonMobil's motion for summary judgment.
15 *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986) ("Failure
16 to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and
17 proceeding to summary judgment.").

18 　　　　**B.**　　**ExxonMobil's Motion for Summary Judgment**

19 　　　　Both federal and state law regulate those who furnish information to CRAs.  "[T]o
20 ensure that credit reports are accurate, the FCRA imposes some duties on the sources that
21 provide credit information to CRAs, called 'furnishers' in the statutue."  *Gorman v. Wolpoff*
22 *& Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009).  California law provides that "[a]
23 person shall not furnish information on a specific transaction or experience to any consumer
24 credit reporting agency if the person knows or should know the information is incomplete or
25 inaccurate.  Cal. Civ. Code §1785.25(a).  In general, only "furnishers"—those who provide
26 credit information to CRAs—are liable to consumers under the FCRA or the CCRAA.  *Id.* at
27 1154, 1171; *see also Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th
28 Cir. 2002).

The undisputed evidence provided by ExxonMobil demonstrates that ExxonMobil is not a "furnisher" of credit information as required for liability under the FCRA or CCRAA. ExxonMobil did not provide credit information about Plaintiff to the CRAs. Therefore, ExxonMobil cannot be liable under either the FCRA or the CCRAA. *See Gorman*, 584 F.3d at 1154, 1171. ExxonMobil's motion for summary judgment is therefore granted.

## IV. CONCLUSION

For the foregoing reasons, the court hereby GRANTS Defendant ExxonMobil's motion for summary judgment. The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**

DATED: March 9, 2010

Hon. Jeffrey T. Miller
United States District Judge